Filed 3/23/16  Fidelity National Title Ins. Co. v. Cothran CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>　　　　Cross-complainant and Respondent,<br><br>　　v.<br><br>JONATHAN COTHRAN,<br><br>　　　　Cross-defendant and Appellant. | B258692<br><br>(Los Angeles County<br>Super. Ct. No. BC461969) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth R. Feffer, Judge.  Affirmed.

　　　　Law Offices of Tang Kiet and Tang Kiet for Cross-defendant and Appellant.

　　　　Hershorin & Henry, Lori C. Hershorin, Claudia Mourad for Cross-complainant and Respondent.

　　　　　　　　　　_____

Cross-defendant Jonathan Cothran appeals from an order denying his special motion to strike (anti-SLAPP motion under Code of Civil Procedure section 425.16) a first amended cross-complaint for malicious prosecution filed by Fidelity National Title Insurance Company (Fidelity Title). This is Cothran's second anti-SLAPP motion aimed at Fidelity Title's cause of action for malicious prosecution. In a prior appeal, we affirmed the trial court's denial of Cothran's first anti-SLAPP motion (*Fidelity Nat. Title Ins. Co. v. Cothran* (Dec. 31, 2013, B245515) [nonpub. opn.]), and our decision in that appeal is final. As we explain below, Cothran may not use a second anti-SLAPP motion to challenge the same allegations in Fidelity Title's cause of action for malicious prosecution. Accordingly, we affirm.

## BACKGROUND

Because we have already set forth the majority of the background facts in our opinion in the prior appeal (*Fidelity Nat. Title Ins. Co. v. Cothran*, *supra*, B245515, pp. 2-10), we will quote extensively from that opinion.

"**Underlying Action (Sanchez I)**

"On November 20, 2009, plaintiff Teodoro Sanchez filed the underlying action (Case No. BC426454) against defendant Lawyers Title [Insurance Company][1] and other defendants who are not parties to the present action. Attorney Quyen [Kiet] filed the underlying action on Sanchez's behalf. Sanchez asserted class action causes of action against Lawyers Title for fraud and deceit, unfair or unlawful business practices, and violation of California's Consumer Legal Remedies Act, and individual causes of action against Lawyers Title for bad faith denial of insurance claim, intentional infliction of emotional distress, and cancelation of deed of trust.

---

[1] As we explained in our opinion in the prior appeal: "Lawyers Title Insurance Company (Lawyers Title) is a defendant in both the underlying and present actions. At some point during the pendency of the underlying or present action, Lawyers Title merged with Fidelity National Title Insurance Company (Fidelity Title). Fidelity Title, as 'successor by merger' to Lawyers Title, filed the malicious prosecution cross-complaint in the present action that is at issue on appeal. Fidelity Title is the respondent on appeal." (*Fidelity Nat. Title Ins. Co. v. Cothran*, *supra*, B245515, p. 2.)

"In the original complaint in the underlying action, Sanchez alleged, in or about November 2008, he discovered a man named Gilberto Lopez (a defendant in the underlying action) had stolen his identity and obtained a $75,000 loan from lender Antalejeff, Inc. (another defendant in the underling action). The loan, which was secured by a deed of trust against Sanchez's property, was serviced by Capital Benefit Mortgage, Inc. (a defendant in the underlying action). Shortly after learning about the fraudulent loan in his name, Sanchez contacted Capital Benefit Mortgage and Antalejeff, but neither assisted him in resolving the issue. The loan was in default and they wanted to foreclose on Sanchez's property.

"Sanchez also alleged foreclosure could not proceed because the deed of trust 'securing the fraudulent loan was defective' as originally recorded in that it 'was missing the legal description, . . . also known as "Exhibit A"' to the deed of trust. According to Sanchez, Lawyers Title, the title insurer for Antalejeff, 'took matters into [its] own hands and unlawfully made the correction through fraudulent notarizations.' Lawyers Title, through its title officer Ron Fernando, 'directed its regular notary public . . . to sign and certify two blank All-Purpose Acknowledgements, without the physical presence or actual consent of the signing party [Sanchez] in violation of California Civil Code sections 1185(a) and 1189.' Sanchez asserted he 'is informed and believes that Class Members were similarly affected by unlawfully produced and recorded "blank acknowledgements" by' Lawyers Title.

"Sanchez further alleged, once Lawyers Title 'corrected the deficiencies in the fraudulently procured Deed of Trust by directing the notary public to violate state laws,' Capital Benefit Mortgage and Antalejeff 'were now free to resume [their] foreclosure efforts.' On July 22, 2009, a Notice of Default issued and foreclosure proceedings commenced. Sanchez contacted Lawyers Title, in addition to Capital Benefit Mortgage and Antalejeff, but received no assistance in resolving the matter.

"In January 2010, Sanchez filed a first amended complaint in the underlying action, asserting the same causes of action he alleged in the original complaint. After Lawyers Title filed a demurrer to the first amended complaint—which was not ruled on

3

by the trial court—Sanchez filed a second amended complaint in July 2010, dropping the class action causes of action and the allegations regarding Lawyers Title's involvement in procuring the fraudulent notarizations, and adding an individual cause of action for negligence against Lawyers Title. Lawyers Title demurred to the second amended complaint, and the trial court sustained the demurrer without leave to amend as to the negligence cause of action and overruled the demurrer as to the cause of action for intentional infliction of emotional distress.

"In November 2010, Sanchez filed a third amended complaint in the underlying action, asserting one cause of action against Lawyers Title for intentional infliction of emotional distress.[2] Sanchez alleged his property was sold at a trustee's sale on or about December 8, 2009. In the cause of action for intentional infliction of emotional distress, Sanchez alleged lender Antalejeff and loan servicer Capital Benefit Mortgage advised him, when he attempted to cancel the trustee's sale, that 'the foreclosure sale was proceeding at the insistence of' Lawyers Title and he should contact Lawyers Title 'directly to stop the sale.' Sanchez further alleged that he contacted Lawyers Title's managing agent/attorney, who 'was unresponsive and uncooperative.' According to Sanchez, Antalejeff, Capital Benefit Mortgage and Lawyers Title 'acted in concert and proceeded with the foreclosure process' even though he sent them a report by a fingerprint expert showing that the fingerprint on the notary public logbook was not Sanchez's fingerprint. Sanchez 'demanded that the lending Defendants' loss from [Lopez's] fraud be submitted to [Lawyers Title] for resolution rather than be resolved by trustee's sale.' Sanchez asserted Lawyers Title's conduct, as alleged in this cause of

_____

2 "Sanchez asserted causes of action against Gilberto Lopez for fraud and intentional infliction of emotional distress; causes of action against Antalejeff for intentional infliction of emotional distress, cancelation of deed of trust and trustee's deed upon sale, and quiet title; a cause of action for intentional infliction of emotional distress against Capital Benefit Mortgage; a cause of action for negligence against Dorothea Adamson and Mayra Pineda (notaries); and causes of action against Enduravest, Inc. (the party who acquired title to Sanchez's property at the trustee's sale) for cancelation of deed of trust and trustee's deed upon sale and quiet title."

4

action, was 'outrageous,' entitling him to damages including punitive damages. Sanchez did not base his intentional infliction of emotional distress cause of action in the underlying action on Lawyers Title's involvement in creating fraudulent documents.

"Lawyers Title answered the third amended complaint and then, in February 2011, filed a motion for summary judgment.[3] Sanchez opposed the motion. The caption page of Sanchez's opposition indicates Sanchez was represented by attorney Quyen Kiet and law firm [Kiet Cothran & Zirillo, APC (KCZ)]. As set forth in the trial court's order granting the summary judgment motion, 'Lawyers Title moved for summary judgment on the second cause of action for IIED [intentional infliction of emotional distress] on the grounds that Lawyers Title's conduct was not outrageous under California law in advising its insured [Antalejeff] as to how to obtain policy benefits, that Lawyers Title's actions and communications with defendant Antalejeff were privileged as they were done in conformity with its role, contractual duty, and obligation as the title insurer, there is no evidence to show that Lawyers Title intended to cause plaintiff emotional distress, and that by plaintiff's own admission, Lawyers Title's actions were not the cause of his emotional distress.'

"The trial court found the evidence submitted in connection with the motion for summary judgment established, in pertinent part: 'Beginning in December 2008, Lawyers Title spoke with Antalejeff's representatives about plaintiff's fraud claim, provided advice to Antalejeff about losses that were indemnifiable under the title policy, and how California law requires a foreclosure sale to establish loss under the title policy since plaintiff failed to file a verified quiet title action alleging the forgery.' As Lawyers Title's expert explained in a declaration submitted in support of the summary judgment motion, 'such communications between an insured and the insurance company [are] standard practice in the industry.' On March 26, 2009, Sanchez tendered a claim to

---

3 "In connection with the [first] anti-SLAPP motion, cross-defendants presented evidence showing, on April 8, 2011, before the trial court heard Lawyers Title's summary judgment motion in the underlying action, a criminal court in an action filed against Lopez voided the fraudulent deed of trust and restored title to Sanchez."

Lawyers Title for compensatory damages arising from the alleged fraudulent loan. Lawyers Title denied the claim because Sanchez was not an insured under the title policy. 'Lawyers Title owed no duties to plaintiff as he was not the named insured under the policy.' At his deposition, Sanchez testified 'the "only reason" he is suffering pain is due to the fact that "someone took out a loan on the subject property" and that "someone encumber[ed] [his] property with a Deed of Trust."' Sanchez believed he still owned the property because he continued to live there, although he was 'aware that title was legally transferred.'

"On May 3, 2011, the trial court granted Lawyers Title's motion for summary judgment, finding 'no triable issues of material fact with respect to whether [Lawyers Title] acted outrageously, had any intent to inflict injury upon plaintiff [Sanchez], or acted with the realization that injury will result.' The court also found Sanchez's 'damages were not caused by [Lawyers Title], who did not cause plaintiff's property to be encumbered with the deed of trust.' Judgment was entered on May 24, 2011. [Fn. omitted.]

**"Present Action (Sanchez II)**

### "Complaint

"On May 20, 2011, before the judgment in the underlying action was entered, Sanchez filed the present action (Case No. BC461969) against Lawyers Title, asserting class action causes of action for slander of title and unlawful business practices and an individual cause of action for intentional infliction of emotional distress. Kiet, Cothran and KCZ are the attorneys/law firm who commenced and are prosecuting the present action. After Lawyers Title filed a demurrer to the complaint—which was not ruled on by the trial court—Sanchez filed a first amended complaint on September 13, 2011, adding an individual cause of action for slander of title against Lawyers Title.

"In the first amended complaint in the present action, Sanchez alleged the underlying action against Lawyers Title 'was limited in scope to only IIED [intentional infliction of emotional distress] for wrongfully advising and inducing the Lender to foreclose.' Sanchez further alleges he 'files this action under a different set of facts and

6

circumstances unrelated to [Sanchez]'s injuries in the Previous [underlying] Action. Specifically, the harm to [Sanchez] alleged herein arises from [Lawyers Title]'s separate malicious acts of July 2009: its conspiracy to commit perjury and intentional recording of fraudulent documents. Furthermore, [Sanchez] is informed and believes that [Lawyers Title] engaged in this misconduct at a scale that affected hundreds to thousands of consumers to warrant a class wide action.'

"In his cause of action for intentional infliction of emotional distress in the present action, Sanchez alleged: '(1) [Lawyers Title] knowingly induced Notary Adamson to declare false acknowledgements under penalty of perjury in support of the amended Forged Trust Deed; this is criminal misconduct and outrageous on its face; (2) [Lawyers Title] then recorded the false acknowledgements as a public record. It was outrageous to publicize that [Sanchez] signed a deed of trust, when in fact he did not; (3) when notified of its misconduct, [Lawyers Title] refused to mitigate and/or cure its wrongful recording; (4) [Lawyers Title] knew that [Sanchez] suffered as a previous victim of real estate fraud and despite this knowledge it too victimized [Sanchez] by misappropriating [Sanchez]'s identity to amend the Deed.'[4]

**"Demurrer**

"In October 2011, Lawyers Title demurred to the first amended complaint in the present action on numerous grounds including that Sanchez's claims in the present action are barred by collateral estoppel. Sanchez opposed the demurrer. On February 2, 2012, the trial court issued an order sustaining the demurrer without leave to amend as to the

---

[4] "In connection with the [first] anti-SLAPP motion, cross-defendants presented evidence showing, on September 28, 2011, Ron Fernando, a title officer at Lawyers Title, was indicted on charges related to false acknowledgements he prepared in connection with the fraudulent deed of trust which was secured by Sanchez's property. The class action causes of action for slander of title and unlawful business practices in the present action are based on these alleged false acknowledgements. Moreover, on July 25, 2012, Sanchez filed a third action against Antalejeff, Capital Benefit Mortgage, Fernando, Enduravest and Lawyers Title for identity theft, slander of title and cancelation of cloud on title, with allegations regarding these alleged false acknowledgements (Case No. BC488560)."

cause of action for intentional infliction of emotional distress on the ground the cause of action was barred by collateral estoppel because the same 'issues were actually litigated in the prior dispute and the issues were decided on the merits.' As to the class action allegations, the court sustained the demurrer with leave to amend. The court overruled the demurrer as to the individual cause of action for slander of title.

**"Cross-Complaint**

"On May 22, 2012, Fidelity Title, as 'successor by merger to' Lawyers Title filed a cross-complaint in the present action against attorneys Cothran and Kiet and the law firm KCZ (collectively, cross-defendants), asserting causes of action for malicious prosecution and abuse of process. Fidelity Title based the malicious prosecution action on cross-defendants' filing and continued pursuit of the underlying action, and his filing of the first amended complaint in the present action with a duplicate cause of action for intentional infliction of emotional distress. [Fn. omitted.] [¶] . . . [¶]

"**[First] Anti-SLAPP Motion**

"On July 16, 2012, cross-defendants [including Cothran] filed their [first] anti-SLAPP motion under [Code of Civil Procedure] section 425.16, asking the trial court to strike Fidelity Title's cross-complaint. Cross-defendants argued the causes of action in the cross-complaint arise from protected activity within the meaning of the anti-SLAPP statute, and Fidelity Title cannot demonstrate a probability of prevailing on either cause of action. As to the malicious prosecution cause of action, cross-defendants argued Fidelity Title cannot demonstrate a probability of prevailing on its claim because 'the fact that [Lawyers Title] prevailed on [Sanchez]'s cause of action for intentional infliction of emotional distress, by way of summary judgment in the TAC [third amended complaint in the underlying action] and by way of demurrer in the FAC [first amended complaint in the present action], does not establish a lack of probable cause or the malice element on the part of [Sanchez]'s attorneys.' . . .

"In its written opposition to the [first] anti-SLAPP motion, Fidelity Title conceded the causes of action in the cross-complaint arise from protected activity but urged the trial

court to deny the anti-SLAPP motion because Fidelity Title can demonstrate a probability of prevailing on its claims. . . .

"On October 3, 2012, the trial court heard oral argument on the anti-SLAPP motion and issued an order denying it as to the cause of action for malicious prosecution and granting it as to the cause of action for abuse of process. . . ." (*Fidelity Nat. Title Ins. Co. v. Cothran*, *supra*, B245515, pp. 3-10.)

**Prior Appeal**

Cross-defendants, including Cothran, appealed from the trial court's order, contending the trial court should have granted their first anti-SLAPP motion as to both causes of action and not just as to the abuse of process cause of action. We affirmed the trial court's denial of the first anti-SLAPP motion as to the malicious prosecution cause of action, concluding Fidelity Title demonstrated a probability of prevailing on its malicious prosecution claim against cross-defendants (including Cothran) based on the filing and continued pursuit of the underlying action which terminated in Lawyers Title's favor. (*Fidelity Nat. Title Ins. Co. v. Cothran*, *supra*, B245515, p. 12.) At oral argument in the prior appeal, Fidelity Title conceded it could not base its malicious prosecution cause of action in the present action on Sanchez's filing of the intentional infliction of emotional distress cause of action in the present action, even though the trial court sustained the demurrer to that cause of action without leave to amend, because the present action had not terminated. (*Ibid.*) Accordingly, on remand, Fidelity Title filed a first amended cross-complaint for malicious prosecution against cross-defendants, omitting the allegations about Sanchez's filing of the intentional infliction of emotional distress cause of action in the present action.[5]

---

[5] On August 21, 2015, Fidelity Title filed a request for judicial notice in this court with documents filed in the prior appeal. Because those documents are not necessary to our resolution of this appeal, we deny the request for judicial notice.

The California Supreme Court denied cross-defendants' petition for review and our appellate decision became final on March 27, 2014 when this court issued the remittitur.

**Second Anti-SLAPP Motion**

On April 7, 2014, Cothran filed his second anti-SLAPP motion asking the trial court to strike the malicious prosecution cause of action in Fidelity Title's first amended cross-complaint as to him. Cross-defendants Quyen Kiet and KCZ did not join in the motion.

In this second anti-SLAPP motion, Cothran made a new argument that he did not make in his first anti-SLAPP motion—that Fidelity Title could not demonstrate a probability of prevailing on its malicious prosecution cause of action as to him because he did not represent Sanchez in the underlying action.

In our opinion in the prior appeal, we pointed out the record was clear that both cross-defendants Quyen Kiet and KCZ prosecuted the underlying action on behalf of Sanchez. (*Fidelity Nat. Title Ins. Co. v. Cothran*, *supra*, B245515, pp. 5, 13.) As discussed above, Kiet filed the underlying action and both Kiet and KCZ represented Sanchez in opposing Fidelity Title's successful summary judgment motion. In cross-defendants' first anti-SLAPP motion, Cothran did not dispute he also prosecuted the underlying action. In fact, in the reply brief in support of the first anti-SLAPP motion, cross-defendants indicated they were all Sanchez's "attorneys of record" in both the present and underlying actions. (*Id*. at p. 13.) For the first time on appeal in connection with the first anti-SLAPP motion, however, cross-defendants argued Fidelity Title could not demonstrate the prior action was commenced or prosecuted by all cross-defendants, including Cothran. We concluded cross-defendants had forfeited the argument by not raising it in the trial court. (*Ibid*.) Thus, on remand, Cothran filed a second anti-SLAPP motion—challenging the same allegations in Fidelity Title's malicious prosecution cause of action he had challenged in his first anti-SLAPP motion—in order to make an argument he had neglected to make in his first anti-SLAPP motion.

10

In opposition to Cothran's second anti-SLAPP motion, Fidelity Title argued Cothran "d[id] not get a second bite at the apple" because the law of the case barred consideration of the second anti-SLAPP motion. Fidelity Title also opposed the motion on the merits.

On August 4, 2014, the trial court heard oral argument on Cothran's second anti-SLAPP motion and denied it based on the law of the case and, alternatively, on a consideration of the merits. On August 20, 2014, after receiving Cothran's written objections to Fidelity Title's proposed order, the trial court signed and adopted Fidelity Title's proposed order as the order on the motion. On September 8, 2014, Cothran appealed from the August 20, 2014 order.[6]

On October 8, 2014, the trial court signed Cothran's proposed order denying his second anti-SLAPP motion, which Cothran submitted to the court on August 18, 2014 with his objections to Fidelity Title's proposed order. Accordingly, at that time there were two orders denying the second anti-SLAPP motion—the August 20, 2014 order from which Cothran appealed, and the October 8, 2014 order signed after the matter (the denial of Cothran's anti-SLAPP motion) was stayed in the trial court as a result of this appeal (Code Civ. Proc., § 916, subd. (a)). After Fidelity Title pointed out the discrepancy to the trial court, the trial court struck the October 8, 2014 order on the ground that it was signed in error. The October 8, 2014 order is not appealable. This appeal is from the August 20, 2014 order.

---

[6] On appeal, Cothran argues Fidelity Title violated California Rules of Court, rule 3.1312(a) in the preparation and submission of the proposed order in that Fidelity Title failed to serve the proposed order on Cothran within five days of the ruling and instead served it 10 days after the ruling. Cothran did not raise this issue in the trial court when it submitted its objections to the proposed order on August 18, 2014. Cothran has forfeited this issue on appeal. Notwithstanding that, Cothran does not explain how he might have been prejudiced given that the trial court did not sign Fidelity Title's proposed order until after the court received Cothran's objections to that proposed order.

11

## DISCUSSION

### Second Anti-SLAPP Motion

We disagree with Cothran's assertion he is entitled to file another anti-SLAPP motion after unsuccessfully appealing the denial of his first anti-SLAPP motion. Fidelity Title did not add a cause of action to its cross-complaint or assert brand new allegations against Cothran in the malicious prosecution cause of action. Cothran's second anti-SLAPP motion asks the court to strike the same cause of action and the same allegations he challenged in his first anti-SLAPP motion. Cothran argues he is entitled to a second bite at the apple because he forfeited an argument the first time around. He cites no authority indicating it is permissible for a party to file successive anti-SLAPP motions as a means of having the court reconsider its earlier denial of an anti-SLAPP motion.

Cothran references a subsection of the anti-SLAPP statute which reads: "If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding." (Code Civ. Proc., § 425.16, subd. (b)(3).) The problem with Cothran's interpretation of this provision is that we are not a "later stage of the case." It is not as if Fidelity Title is attempting to use the trial court's ruling on the first anti-SLAPP motion to defeat a later-filed summary judgment motion (which would be impermissible under this provision). Here, Fidelity Title is merely saying Cothran cannot make the same motion against Fidelity Title twice because Cothran did not like the decision the first time around and wants to make an argument he forfeited in connection with the first motion. We agree with Fidelity Title's position.

In connection with Cothran's first anti-SLAPP motion, we decided Fidelity Title established a probability of prevailing on its cross-action for malicious prosecution against Cothran based on the filing and continued pursuit of the underlying action which

12

terminated in Lawyers Title's favor.  We have no legal cause to reconsider our decision.  The trial court properly denied Cothran's second anti-SLAPP motion.[7]

Our determination Fidelity Title established a probability of prevailing on its cross-action for malicious prosecution is not admissible (and may not be cited as law of the case) at a later stage of this action (e.g., a summary judgment motion) or in another action.

**Fidelity Title's Motion for Attorney Fees**

Cothran devotes less than a page of his opening brief to his argument the trial court failed to comply with the anti-SLAPP statute when it granted Fidelity Title's motion for attorney fees on September 24, 2014.  The order awarding Fidelity Title $3,987.50 in attorney fees and $60 in costs is not part of the August 20, 2014 order denying Cothran's anti-SLAPP motion from which Cothran appealed.  Cothran did not file a separate notice of appeal from the September 24, 2014 order (although he filed an amended civil case information statement on October 27, 2014 indicating he was appealing from the September 24, 2014 order), and he cites no authority indicating that order is directly appealable in any event.  While Code of Civil Procedure section 425.16, subdivision (i), provides that an order granting or denying an anti-SLAPP motion is directly appealable, it does not similarly provide that a subsequent interlocutory order awarding or denying attorney fees under section 425.16, subdivision (c), is immediately appealable.  (See *Doe v. Luster* (2006) 145 Cal.App.4th 139, 145 ["An interlocutory order awarding or denying attorney fees under section 425.16, subdivision (c), is not immediately appealable under section 425.16, subdivision (i)"]; see also *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 274 ["we agree with the holding in *Doe* [*v. Luster*,

_____

[7] On July 1, 2015, Fidelity Title filed a motion for sanctions against Cothran.  On July 2, 2015, Fidelity Title filed a motion to dismiss this appeal.  Fidelity Title argues this appeal is frivolous and prosecuted only for delay and harassment.  Cothran opposes the motions.  He continues to argue his second anti-SLAPP motion was proper and has merit.  We deny the motion for sanctions and the motion to dismiss the appeal.  Although Cothran's arguments on appeal lack merit, we do not believe this appeal from an appealable order is subject to dismissal or sanctions.

*supra*, 145 Cal.App.4th 139] that a separate attorney fee order [not issued simultaneously with the ruling on the anti-SLAPP motion] should not be heard on interlocutory appeal"].)  The order granting Fidelity Title's motion for attorney fees is not properly before us on this appeal.

## DISPOSITION

The order denying Cothran's April 7, 2014 anti-SLAPP motion is affirmed. Fidelity Title is entitled to recover costs on appeal.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

14