Filed 12/13/24  C.T. v. K.W. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| C.T.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>K.W.,<br><br>        Defendant and Appellant. | A170819<br><br>(San Francisco City & County<br>Super. Ct. No. FDV-19-814465) |

Defendant K.W. purports to appeal from a family court move-away order granting C.T.'s request that the court affirm C.T.'s ability to relocate to Denmark with the parties' child. Because the order is not appealable, we dismiss K.W.'s appeal.

## BACKGROUND

On April 9, 2024, C.T. moved ex parte for an order shortening time (OST) on a request for an order affirming that he could relocate with the parties' child to Denmark.[1]  At the time,

---

[1] C.T. expressed his request as one for an order affirming his right to relocate with the parties' child.  " 'The question for the trial court [however, was] not whether the parent may be *permitted* to move; the question [was] what arrangement for

1

C.T. had maintained temporary sole legal and physical custody of the parties' child for five years. C.T. stated that he had been unemployed for at least six months, and he had received a job offer in Denmark with a starting date of May 6, 2024. The court granted the OST, issued a briefing schedule, and set a mediation session and short-cause hearing for April 25, 2024.

The court heard argument on April 25, 2024, including K.W.'s argument that the court should set a hearing under Family Code section 217, and the court took the matter under submission. On April 29, 2024, K.W. filed a VL-110 seeking to file, "FL-300 Req. for Order: Joint legal custody, rebut 3044, 20% parenting time, Family Code 3025, there is no final custody order, thus an evidentiary hearing must precede before move-away." She did not seek sole or joint physical custody of the parties' child.

The trial court granted C.T.'s request regarding the move to Denmark and issued a written order on May 2, 2024, which it amended on May 9, 2024 to correct a typo (move-away order). In the move-away order, the court recited that there had been no final custody order in this matter. The court also recited that, prior to C.T.'s request to relocate, K.W. had not sought to rebut the Family Code section 3044 presumption that applied because of the domestic violence restraining order issued against K.W. The court granted C.T.'s relocation request utilizing the best

custody should be made [if and when the parent moves].' " (*Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, 1126.)

2

interest analysis and concluding that it would be in the child's best interest to remain in C.T.'s sole legal and physical custody.

The court then addressed the following subjects: "Ongoing Visitation Pending Evidentiary Hearing Regarding Request for Termination of Visitation and Newly Filed Request for Child Custody and Rebuttal of the [Family Code section] 3044 Presumption," and "Child Custody Evaluation." Pending a further hearing, the court ordered interim therapeutic visitation for K.W. to continue either in California or in Denmark, with C.T. to provide a list of acceptable foreign providers. The court set a June 11, 2024 hearing to "confirm and order the visitation schedule," and set a schedule for the parties to submit briefing and updated income and expense declarations (so the court could consider cost allocation should C.T. elect to have visitation in Denmark). The court also granted K.W.'s request for a custody evaluation: "The Court orders a full custody evaluation, investigation, and assessment addressing all issues related the child's health, safety, welfare, and best interests. The evaluation shall include recommended custody orders and a proposed parenting plan." The record in this appeal reflects that the trial court set a July 24, 2024 "long[-]cause" hearing to determine final visitation and custody, during which hearing the court would also consider K.W.'s request that C.T. post a bond to secure enforceability of the court's order once C.T. moved, the custody evaluation, any evidence presented by K.W. to rebut the Family Code section 3044 presumption, and K.W.'s request for joint legal custody.

3

K.W. filed a notice of appeal on June 24, 2024, stating that she appealed from "5/2/2024 and 5/9/2024" orders under Code of Civil Procedure section 904.1, subdivision (a)(2)–(14).

After K.W. appealed, this court issued an order requesting briefing on the appealability of the move-away order, citing authorities finding that interim custody orders are not appealable. The parties filed letter briefs. In her letter brief, K.W. stated that she was appealing "other adjudicated matters" along with the move-away order, so this court issued a second order requesting supplemental briefing, asking K.W. to specify what orders she was appealing and why those orders were appealable. This court also asked K.W. to address whether this court could and/or should treat her appeal as a writ, and the court set a seven-page limitation for the supplemental briefing.

In response, K.W. filed a letter brief that exceeded the page limitation. This court struck everything in K.W.'s filing that exceeded the page limitation, which included her argument for why the court should treat this matter as a writ. In response to the court's query, K.W. stated that, in addition to the move-away order, she was appealing the court's denial of her request for a Family Code section 217 hearing and discovery with respect to the move-away.

## DISCUSSION

" 'The existence of an appealable judgment is a jurisdictional prerequisite to an appeal.' [Citation.] 'California is governed by the "one final judgment" rule which provides "interlocutory or interim orders are not appealable, but are only

4

'reviewable on appeal' from the final judgment." [Citation.] The rule was designed to prevent piecemeal dispositions and costly multiple appeals which burden the court and impede the judicial process. [Citation.] In keeping with this rule, [Code of Civil Procedure] section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory.' [Citation.] Interlocutory rulings ' "within the statutory classes of appealable interlocutory judgments" ' remain appealable; however, the appellant bears the burden of establishing the appealability of such a ruling." (*Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 144; Cal. Rules of Court, rule 8.204(a)(2)(B).)

Interim custody orders are not appealable. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456 [interim custody orders are not appealable]; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559 [temporary custody orders are "interlocutory" by definition and not appealable]); *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 ["[T]he right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments"].)

In her statement of appealability (Cal. Rules of Court, rule 8.204(a)(2)(B)) and in her supplemental letter briefing, K.W. argues that the move-away order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) and *In re Marriage of Lasich* (2002) 99 Cal.App.4th 702, 705, fn. 1. Her reliance on these authorities is misplaced. *Lasich* concerned a *postjudgment* move-away order, appealable under Code of Civil

5

Procedure section 904.1, subdivision (a)(2).  (*Lasich*, at p. 705, fn. 1.)  Here, there was no final custody and visitation order, so Code of Civil Procedure section 904.1, subdivision (a)(2) does not apply.

In her supplemental letter briefing, K.W. also relied on *In re Marriage of Skelley* (1976) 18 Cal.3d 365, and *F.T. v. L.J.* (2011) 194 Cal.App.4th 1 (*F.T.*), but neither case establishes that the order at issue is appealable.  *Skelley* addressed the appealability of a collateral order reducing temporary spousal support and denying attorney's fees and costs.  (*Skelley*, at p. 367.)  Here, the move-away order is not collateral to the main custody and visitation issues in this litigation, so *Skelley* does not assist K.W.

*F.T.*, *supra*, 194 Cal.App.4th 1, is also unhelpful to K.W.  In *F.T.*, the court decided an appeal of a denial of a move-away order where there previously had been no final custody judgment (*id.* at p. 19), but the issue of appealability was never discussed.  "Because the opinion does not suggest either that the parties raised the jurisdictional issue or that the court considered it, [*F.T.*] is not authority for [K.W.'s] position."  (*Doe v. Luster* (2006) 145 Cal.App.4th 139, 149–150.)  The move-way order in this case was not a final order, as it expressly contemplated further proceedings on custody and visitation, including an evidentiary hearing on K.W.'s request for joint legal custody and to rebut the Family Code section 3044 presumption and on C.T.'s request to terminate visitation.  In addition, the court ordered a child custody evaluation that "shall include recommended custody

6

orders and a proposed parenting plan." As such, the move-away order was interlocutory, and K.W. has not established that it was appealable.

Alternatively, K.W. suggests in her supplemental briefing that each of the orders that she identifies are appealable under *In re Karla C.* (2010) 186 Cal.App.4th 1236. *In re Karla C.* is an inapposite appeal of a juvenile dependency disposition order. (*Id.* at p. 1242.) K.W. also incorrectly argues that the orders at issue were void and a void order is appealable in and of itself. A void order that is otherwise appealable may be appealed (see *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200), but K.W. fails to show that the "otherwise appealable" requirement is met.

In sum, K.W. does not satisfy her burden of establishing the appealability of the orders she purports to appeal. (*Brown v. Upside Gading, LP, supra,* 42 Cal.App.5th at p. 144.)

Finally, we decline to treat this appeal as a writ petition. "An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances. [Citation.] 'A petition to treat a nonappealable order as a writ should only be granted under extraordinary circumstances, " 'compelling enough to indicate the propriety of a petition for writ . . . in the first instance . . . .' " ' " (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367.) We are not persuaded that unusual circumstances support reviewing the interim custody order here by writ petition.

7

## DISPOSITION

The appeal is dismissed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*C.T. v K.W.* (A170819)