Filed 7/22/16 pub. order 8/18/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANILO SESE,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>WELLS FARGO BANK N.A.,<br><br>        Defendant and Respondent. | C074663<br><br>(Super. Ct. No.<br>34201300144287CUWEGDS) |

Appellant Danilo Sese seeks to challenge an order denying his motion for interim attorney fees under Civil Code section 2924.12, a provision in the California Homeowner Bill of Rights.[1]  Subdivision (i) of section 2924.12 provides that "[a] court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section.  A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."  Having secured a preliminary injunction to enjoin the foreclosure sale of

---

[1]        Undesignated statutory references are to the Civil Code.

1

his residential real property, Sese moved for attorney fees of $100,865. The trial court denied the motion on grounds section 2924.12, subdivision (i), does not provide for *interim* attorney fees.

Sese contends the order must be reversed because section 2924.12 provides attorney fees to a borrower immediately after successfully obtaining a preliminary injunction. Respondent Wells Fargo Bank N.A. (Wells Fargo) asserts the appeal must be dismissed because the trial court's order is interlocutory in nature and nonappealable under the one final judgment rule. After the completion of briefing, we asked the parties to address the effect, if any, of this court's decision in *Monterossa v. Superior Court of Sacramento County* (2015) 237 Cal.App.4th 747, 751 (*Monterossa*) on the present appeal. Sese did not file a supplemental brief. However, we have received and considered a supplemental brief from Wells Fargo.

We conclude the trial court's order is nonappealable because it is interlocutory in nature. Accordingly, we dismiss the appeal.

FACTUAL AND PROCEDURAL HISTORY

In 2007, Sese received a $472,000 residential property loan from Wells Fargo's predecessor. Starting in 2009, Sese started missing regular monthly payments on the loan and failed to pay taxes on the residential property. In 2012, Wells Fargo and Sese agreed to modify the loan under the Home Affordable Mortgage Program. However, Sese defaulted on the agreement shortly after it was executed.

The California Homeowner Bill of Rights became effective on January 1, 2013. (See *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86, fn. 14 [noting name and effective date of legislation at issue in this case].) Also in January 2013, Wells Fargo recorded a notice of default with the Sacramento County Recorder. Sese requested another modification of the loan, but did not submit the financial documentation necessary for a modification. In May 2013, Wells Fargo

2

recorded a notice of trustee's sale and the property was scheduled for sale on June 4, 2013.

On May 28, 2013, Sese filed a complaint against Wells Fargo that alleged violations of the California Homeowner Bill of Rights. At the same time, Sese filed an ex parte application for a temporary restraining order. The trial court granted the temporary restraining order.

On June 3, 2013, Sese filed an application for a preliminary injunction to enjoin the sale of the property. Wells Fargo opposed the application for preliminary injunction. The trial court granted the preliminary injunction based on its findings Sese "met his burden to demonstrate a likelihood of prevailing on the merits of his claims" and that he "will undoubtedly suffer great injury if his residence is sold." The trial court ordered that, "[p]ursuant to . . . § 2924(a)(2), the injunction shall remain in place until the court determines that Wells Fargo has corrected and remedied the dual tracking allegations" advanced by Sese.

As the trial court explained, Sese's dual-tracking allegations were that "[section] 2923.6(c) prohibits a lender from recording a notice of default or notice of sale, or conducting a trustee's sale while a loan modification is pending. A lender must make a written determination that the borrower is not eligible for a loan modification before it may proceed with the foreclosure process. (. . . §2923.6(c)(1).) [Sese's] evidence indicates that Wells Fargo issued the Notice of Trustee's Sale before it issued any determination of his eligibility for a loan modification. This is sufficient to demonstrate Wells Fargo's failure to comply with . . . §2923.6 and shift the burden to Wells Fargo to refute [Sese's] showing."

With the preliminary injunction in place, Sese moved for attorney fees as the prevailing party. Wells Fargo opposed the motion. During a hearing on the motion, the trial court raised a question about the implication of Sese's argument fees should be awarded immediately after the granting of a preliminary injunction:

3

"THE COURT: So a minute ago in the last motion you were talking about how the greedy banks are trying to take over the situation by imposing too high a bond [to secure the preliminary injunction]. But here if the court's granting of the preliminary injunction was improvident, and so found at trial, hypothetically, what happens to that money [awarded as attorney fees]?" Sese's attorney responded Wells Fargo would be entitled to recoup the fees. The trial court noted the "absurd" consequence the attorney fee money would "keep[] floating back and forth." The trial court denied the request for interim attorney fees in an order issued on August 30, 2013. Shortly thereafter, Sese filed a notice of appeal from the order.

## DISCUSSION

## I

### *Appeal from Order Denying Interim Attorney Fees under Section 2924.12*

Wells Fargo contends the order denying Sese's motion for interim attorney fees under section 2924.12 is not an appealable order. We agree.

### A.

### *The One Final Judgment Rule*

The existence of an appealable order or judgment is a jurisdictional prerequisite for appellate review. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) As the California Supreme Court has explained, "Under California's 'one final judgment' rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable. (Code Civ. Proc., § 904.1, subd. (a); *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740-741 (*Morehart*).)" (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100, fn. omitted.) A final judgment " 'terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304, quoting *Doudell v. Shoo* (1911) 159 Cal. 448, 453.)

4

In some instances, an order itself may be appealable. However, "[g]enerally an order is not a final order until the final judgment in the matter has been entered. 'Unless otherwise provided by statute, an appeal lies only from a judgment that terminates the proceedings in the lower court by completely disposing of the matter in controversy [citations].' (*Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 841.) [¶] [When] there is no final judgment . . . , the issue is whether the order from which the appeal has been taken fits within an exception to the one final judgment rule codified in [Code of Civil Procedure] section 904.1. (See *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 962-963.) A recognized exception to the 'one final judgment' rule is that an interim order is appealable if: [¶] 1. The order is collateral to the subject matter of the litigation, [¶] 2. The order is final as to the collateral matter, *and* [¶] 3. The order directs the payment of money by the appellant or the performance of an act by or against appellant." (*Marsh v. Mountain Zephyr, Inc*. (1996) 43 Cal.App.4th 289, 297-298, italics added.)

**B.**

***Appeal from the Denial of Interim Attorney Fees***

Sese's notice of appeal was filed before a final judgment. As the trial court noted, a trial on the merits of the complaint might reveal the preliminary injunction was improvidently granted. Consequently, we consider whether the order denying the motion of interim attorney fees is itself appealable. Sese contends the order is appealable under subdivisions (6), (8), (11), and (12) of Code of Civil Procedure section 904.1. We disagree.

In pertinent part, Code of Civil Procedure section 904.1 provides that "(a) . . . An appeal . . . may be taken from any of the following: [¶] . . . [¶] (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] . . . [¶] (8) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon,

5

determining the right to redeem and directing an accounting.  [¶] . . . [¶]  (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000).  [¶]  (12)  From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."  Each of these subdivisions is inapplicable.

Subdivision (6) of Code of Civil Procedure section 904.1 is not applicable because Sese is not challenging the granting or denial of an injunction.  He is not arguing the preliminary injunction should be dissolved.  Instead, he contends only that attorney fees should be awarded.  Subdivision (8) of section 904.1 does not help Sese either.  Sese's complaint does not seek redemption of the residential property.  Instead, his only cause of action seeks relief under the California Homeowner Bill of Rights.  He is not seeking to redeem the property by paying the full amount owed on the property.  (E.g., *Peterson v. State of California* (1982) 138 Cal.App.3d 110, 112.)  Subdivisions (11) and (12) of Code of Civil Procedure section 904.1 do not apply because the order does not direct payment of sanctions.  In short, an order denying interim attorney fees under section 2924.12 is not included among appealable orders in Code of Civil Procedure section 904.1.

The order denying interim attorney fees is also not appealable as a collateral order. The order does not direct the payment of any money.  Neither does it compel an act by or against Sese.  Instead, the order represents a denial of fees that is not appealable as a collateral order. (*Marsh v. Mountain Zephyr, Inc*., *supra*, 43 Cal.App.4th at pp. 297-298.)

We reject Sese's reliance on the Second Appellate District's decision in *Moore v. Shaw* (2004) 116 Cal.App.4th 182. In *Doe v. Luster* (2006) 145 Cal.App.4th 139, the Second District considered its earlier decision in *Moore* and held *Moore* should not be construed to allow an appeal from an interim attorney fee award.  As the *Doe* court explained, "[I]n *Moore v. Shaw, supra*, 116 Cal.App.4th 182, Division Three of this

6

Court considered on the merits an appeal from the trial court's denial of the defendant's special motion to strike under section 425.16 and the prevailing plaintiff's cross-appeal from the trial court's order, made concurrently with the order denying the motion, denying his request for attorney fees. (*Moore* at p. 186.) Although the court specifically noted that the order denying a special motion to strike itself is appealable, citing both the relevant subdivision of [Code of Civil Procedure] section 425.16 and section 904.1 (*Moore*, at p. 186, fn. 3), it did not address whether the order denying the request for attorney fees, which was the subject of the cross-appeal, was also appealable. Because the opinion does not suggest either that the parties raised the jurisdictional issue or that the court considered it, *Moore* is not authority for [the] position that an interlocutory order denying a request for attorney fees under [Code of Civil Procedure] section 425.16, subdivision (c), is immediately appealable." (*Doe, supra*, at pp. 149-150.) Thus, *Moore* does not provide authority for holding an order granting interim attorney fees is appealable.

We reject Sese's reliance on *Baharian–Mehr v. Smith* (2010) 189 Cal.App.4th 265. *Baharian–Mehr* involved an appeal from a denial of a special motion to strike. Because the merits of the special motion to strike were subject to review on appeal, the *Baharian–Mehr* court also considered the propriety of the attorney fees granted to the party that had opposed the motion. (*Id*. at pp. 274–275.) *Baharian–Mehr* did not consider whether an attorney fee order is appealable by itself. (*Ibid.*) Thus, *Baharian–Mehr* does not undermine our conclusion that the order denying interim attorney fees in this case does not constitute an appealable order.

In another case involving the statutory interpretation of section 2924.12, this court held a borrower who obtains only a preliminary, rather than permanent, injunction may nonetheless be entitled to attorney fees. (*Monterossa, supra*, 237 Cal.App.4th at p. 751, citing section 2924.12, subd. (i).) Because *Monterossa* came before us by writ petition, we "expressly decline[d] to determine whether an order denying attorney fees and costs

under section 2924.12 is immediately appealable or is reviewable upon appeal from a final judgment in the case." (*Monterossa,* at p. 751, fn. 3.)  Thus, *Monterossa* left open the issue we decide in this appeal.  And as we have explained, the order denying interim attorney fees under section 2924.12 is not an appealable order.

DISPOSITION

The appeal is dismissed.  Wells Fargo Bank, N.A., shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                            /s/
                                           HOCH, J.


We concur:


           /s/
ROBIE, Acting P. J.


           /s/
BUTZ, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANILO SESE, | |
| Plaintiff and Appellant, | C074663 |
| v. | (Super. Ct. No. 34201300144287CUWEGDS) |
| WELLS FARGO BANK N.A., | |
| Defendant and Respondent. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| | [NO CHANGE IN JUDGMENT] |

APPEAL from an order of the Superior Court of Sacramento County, David I. Brown, Judge.  Dismissed.

Aldon L. Bolanos, for Plaintiff and Appellant.

Anglin Flewelling Rasmussen Campbell & Trytten, Robert Collings Little and Robin C. Campbell for Defendant and Respondent.

The Court:

The opinion in the above-entitled matter filed on July 22, 2016, was not certified for publication in the Official Reports.  For good cause it now appears the

opinion should be certified for publication in the Official Reports and it is so ordered.

There is no change in the judgment.


_____/s/_____
ROBIE, Acting P. J.


_____/s/_____
BUTZ, J.


_____/s/_____
HOCH, J.