51 Cal.Rptr.3d 403 (2006)
145 Cal.App.4th 139
Lynn DOE, Plaintiff and Appellant,
v.
Elizabeth LUSTER, Defendant and Respondent.
No. B186408.
Court of Appeal of California, Second District, Division Seven.
November 28, 2006.
*404 Resch Polster Alpert & Berger, Michael Baum and Sandra Khalili, Los Angeles, Plaintiff and Appellant.
Lewis Brisbois Bisgaard & Smith, Roy G. Weatherup and Bartley L. Becker, Los Angeles; Law Offices of Daniel B. Spitzer and Daniel B. Spitzer, Encino, for Defendant and Respondent.
PERLUSS, P.J.
Although an order granting or denying a special motion to strike filed pursuant to Code of Civil Procedure section 425.16,[1] the anti-SLAPP statute, is, in most instances, immediately appealable (§§ 425.16, subd. (i); 904.1, subd. (a)(13); but see §§ 425.17, subd.(e); 425.18, subd. (c)), an order declining to award attorney fees to a plaintiff who successfully opposes an anti-SLAPP motion is not. Accordingly, we dismiss Lynn Doe's appeal from the trial court's denial of her motion for attorney fees pursuant to section 425.16, subdivision (c).

FACTUAL AND PROCEDURAL BACKGROUND
Doe filed a lawsuit in Los Angeles Superior Court against CBS Broadcasting, Inc. (CBS) and Elizabeth Luster, alleging causes of action for invasion of privacy, intentional infliction of emotional distress and negligence. CBS and Luster each filed a special motion to strike Doe's complaint under section 425.16. The trial court denied both motions on May 3, 2005, concluding, as to Luster, that she had failed to satisfy her burden of making a threshold showing the challenged causes of action arose from constitutionally protected activity. (See Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 67, 124 Cal.Rptr.2d 507, 52 P.3d 685.)[2]
On July 7, 2005 Doe filed a motion for attorney fees under section 425.16, subdivision (c), which provides in part, "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." The trial court denied the motion on August 24, 2005, finding Luster's anti-SLAPP motion "while unsuccessful, was not frivolous."
Doe filed a notice of appeal. Luster filed a motion to dismiss the appeal, arguing the trial court's August 24, 2005 order denying the motion for attorney fees is a nonappealable order. Following receipt of a memorandum in opposition to the motion to dismiss from Doe and a reply from Luster, we scheduled oral argument on Luster's motion.

DISCUSSION

1. Section 1*25.16 Special Motions to Strike and the Right to an Award of Costs and Attorney Fees

Under section 425.16, subdivision (b)(1), a defendant may move to strike the entire complaint or one or more causes of action "arising from any act ... in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with *405 a public issue...." If the plaintiff cannot demonstrate a probability of prevailing, the trial court must strike the challenged causes of action[3] and award the defendant attorney fees and costs. (§ 425.16, subd. (c); Varian Medical Systems, Inc. v. Delfino (2005) 35 Cal.4th 180, 186, 25 Cal. Rptr.3d 298,106 P.3d 958.)
If the special motion to strike is denied, the trial court must award reasonable attorney fees to the opposing party but only if the court finds that the motion was frivolous or brought solely for purposes of delay. (§ 425.16, subd. (c); Moore v. Shaw (2004) 116 Cal.App.4th 182, 198-199, 10 Cal.Rptr.3d 154 ["imposition of sanctions for a frivolous anti-SLAPP motion is mandatory"].) . In awarding fees to a successful opposing party, section 425.16, subdivision (c), directs the trial court to proceed "pursuant to Section 128.5," which means the court "must use the procedures and apply the substantive standards" of that provision. (Decker v. U.D. Registry, Inc. (2003) 105 Cal.App.4th 1382, 1392, 129 Cal. Rptr.2d 892; Moore, at p. 199, 10 Cal. Rptr.3d 154.)
While a party filing a special motion to strike under section 425.16 often seeks an award of attorney fees and costs in the same moving papers, a request for attorney fees under section 425.16, subdivision (c), may also be made by the successful partyeither the moving party or, as here, the party opposing the motionby a separate, subsequently filed noticed motion. (See American Humane Assn. v. Los Angeles Times Communications (2001) 92 Cal.App.4th 1095, 1103, 112 Cal. Rptr.2d 488.) Indeed, it would seem better practice to defer the fee application until the motion to strike has been decided since the fees and costs actually incurred can be determined only after the hearing. (Id. at p. 1104, 112 Cal.Rptr.2d 488 ["the moving defendant will be able to more accurately document the fees and costs actually incurred if the amount is fixed at a later date.... [T]he total cost of the special motion to strike and any related discovery permitted by the court can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted."].) Even if the order granting the motion has been appealed, the trial court retains jurisdiction to entertain a motion for attorney fees. (Robertson v. Rodriguez (1995) 36 Cal. App.4th 347, 360, 42 Cal.Rptr.2d 464.)[4]

2. The Right to an Immediate Appeal of an Order Granting or Denying a Special Motion to Strike under Section 425.16

As originally enacted in 1992, section 425.16 contained no provision for an immediate *406 appeal of orders made pursuant to that section. (See Stats.1992, ch. 726, § 2.) Orders made pursuant to section 425.16 could be reviewed only as an appeal after judgment (§ 904.1, subd. (a)(1), (a)(2)) or by petition for an extraordinary writ. Of course, if granting the special motion to strike resulted in dismissal of the entire action, the appeal after judgment was, of necessity, immediate. (§ 581d; see Daar v. Yellow Cab Co. (1967) 67 Cal.2d 695, 699, 63 Cal.Rptr. 724, 433 P.2d 732 ["`order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment'"]; Kahn v. Lasorola's Dugout, Inc. (2003) 109 Cal.App.4th 1118, 1120, fn. 1, 135 Cal.Rptr.2d 790.)
In 1999 the Legislature added former section 425.16, subdivision (j) (now § 425.16, subd. (i)), providing an appeal may be taken directly from an order granting or denying a special motion to strike under section 425.16: "An order granting or denying a special motion to strike shall be appealable under Section 904.1." (Stats.1999, ch. 960, § 1.)[5] The Legislature concluded it was necessary to authorize an immediate appeal because, "[w]ithout this ability, a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated. When a meritorious anti-SLAPP motion is denied, the defendant, under current law has only two options. The first is to file a writ ..., which is discretionary and rarely granted. The second is to defend the lawsuit. If the defendant wins, the Anti-SLAPP Law is useless and has failed to protect the defendant's constitutional rights. Since the right of petition and free speech expressly granted by the U.S. Constitution are at issue when these motions are filed, the defendant should have the same right to appeal as plaintiffs already have under current law and have the matter reviewed by a higher court." (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 1675 (1999-2000 Reg. Sess.) April 20, 1999; see Varian Medical Systems, Inc. v. Delfino, supra, 35 Cal.4th at p. 194, 25 Cal.Rptr.3d 298,106 P.3d 958.)

3. An Interlocutory Order Awarding or Denying Attorney Fees under Section 425.16, Subdivision (c), Is Not Immediately Appealable under Section 425.16, Subdivision (i)

The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (Jennings v. Marralle (1994) 8 Cal.4th 121, 126, 32 Cal. Rptr.2d 275, 876 P.2d 1074.) A trial court's order is appealable only when made so by statute. (Griset v. Fair Political Practices Com. (2001) 25 Cal.4th 688, 696, 107 Cal.Rptr.2d 149, 23 P.3d 43.)
As discussed, section 425.16, subdivision (i), provides, "An order granting or denying a special motion to strike shall be appealable under Section 904.1."[6] Neither *407 that statutory provision nor any other authorizes an immediate appeal from the award or denial of attorney fees to the prevailing moving party or from the denial of attorney fees to the prevailing party opposing a special motion to strike. (Because an award of attorney fees to a plaintiff prevailing on the motion is to be made "pursuant to section 128.5," and only if the motion "is frivolous or is solely intended to cause unnecessary delay," if the amount awarded exceeds $5,000, it is appealable pursuant to section 904.1, subdivision (a)(12) [immediate appeal may be taken from order directing payment of monetary sanctions by a party or an attorney for a party if amount exceeds $5,000].)
The fundamental purpose of statutory construction is "to ascertain and effectuate legislative intent." (Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal. Rptr.2d 531, 828 P.2d 672.) "To discover that intent we first look to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (Trope v. Katz (1995) 11 Cal.4th 274, 280, 45 Cal. Rptr.2d 241, 902 P.2d 259; People v. Farell (2002) 28 Cal.4th 381, 386, 121 Cal. Rptr.2d 603, 48 P.3d 1155 [best indication of legislative intent appears in the language of the enactment].) The plain meaning of the actual words used in section 425.16, subdivision (i)"an order granting or; denying a special motion to strike"manifests the Legislature's intent to limit this exception to the one final judgment rule to the court's ruling on the special motion to strike itself, not to make related, but ancillary, rulings or orders separately appealable. This commonsense construction of the language of section 425.16, subdivision (i), moreover, is consistent with the canon that "exceptions to the one final judgment rule should not be allowed unless clearly mandated." (Kinoshita v. Horio (1986) 186 Cal.App.3d 959, 967, 231 Cal.Rptr. 241; see also People v. Loeun (1997) 17 Cal.4th 1, 9, 69 Cal. Rptr.2d 776, 947 P.2d 1313 [when interpreting a statute, "`"[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible." [Citation.] Interpretations that lead to absurd results or render words surplusage are to be avoided. [Citation.]'"]; Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1387, 241 Cal.Rptr. 67, 743 P.2d 1323.)
The legislative history of former section 425.16, subdivision (j), quoted above, further supports this limited construction of the right to an immediate appeal. (See California School Employees Assn. v. Governing Board (1994) 8 Cal.4th 333, 340, 33 Cal.Rptr.2d 109, 878 P.2d 1321 ["Ordinarily, if the statutory language is clear and unambiguous, there is no need for judicial construction. [Citation.] Nonetheless, a court may determine whether the literal meaning of a statute comports with its purpose. [Citation.] We need not follow the plain meaning of a statute when to do *408 so would `frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results.' [Citations.]"]; MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc. (2005) 36 Cal.4th 412, 433, 30 Cal.Rptr.3d 755, 115 P.3d 41; .see also MacIsaac v. Waste Management Collection & Recycling, Inc. (2005) 134 Cal.App.4th 1076, 1087-1088, 36 Cal.Rptr.3d 650 [looking to legislative history despite unambiguous language of statute at issue].) The Legislature's concern was that the inability to appeal immediately from the denial of a meritorious special motion to strike defeated the protective purpose of section 425.16. No such similar purpose is served by permitting an immediate appeal from an interlocutory order granting or denying attorney fees following the trial court's ruling on a special motion to strike.
The clear, limited language of section 425.16, subdivision (i), notwithstanding, Doe cites four appellate decisions for the principle an interlocutory order denying a motion for recovery of fees under section 425.16, subdivision (c), is appealable. None supports the conclusion we have jurisdiction to consider her appeal.
Wilkerson v. Sullivan (2002) 99 Cal. App.4th 443, 121 Cal.Rptr.2d 275, the earliest of the cases Doe cites, involved a question of attorney fees incurred on appeal following dismissal of the plaintiffs' action. The dismissal order itself was appealable as a "judgment" under section 904.1, subdivision (a)(1). (See § 581d; Daar v. Yellow Cab Co., supra, 67 Cal.2d at p. 699, 63 Cal.Rptr. 724, 433 P.2d 732.) The fee order at issue, therefore, was appealable under section 904.1, subdivision (a)(2), as "an order made after a judgment." (See Wilkerson, at pp. 448-449, 121 Cal.Rptr.2d 275).
Similarly, in Moraga-Orinda Fire Protection Dist. v. Weir (2004) 115 Cal. App.4th 477, 10 Cal.Rptr.3d 13, the Court of Appeal reviewed the denial of a motion to recover attorney fees and costs under section 425.16, subdivision (c), made after the trial court had denied the plaintiffs' petition for writ of mandamus for lack of standing and as untimely. The trial court had ruled (erroneously, the Court of Appeal held[7]) that the special motion to strike under section 425.16 was moot because the mandamus proceedings had already been resolved on the merits. (Moraga-Orinda, at pp. 479-480, 10 Cal. Rptr.3d 13.) Like the fee order at issue in Wilkerson, the order denying attorney fees in Moraga-Orinda Fire Protection Dist. was appealable under section 904.1, subdivision (a)(2). Neither case supports the conclusion an interlocutory fee order under section 425.16, subdivision (c), is appealable under section 425.16, subdivision (i), and section 904.1, subdivision (a)(13).
Johnston v. Corrigan (2005) 127 Cal. App.4th 553, 25 Cal.Rptr.3d 657, a case *409 decided by Division Five of this Court, falls into the same category. Several cross-defendants j moved pursuant to section 425.16 to strike a cross-complaint for indemnity filed by Dennis H. Johnston, the defendant in the main action. (Id. at pp. 554-555, Cal.Rptr.3d 657.) Johnston responded, not by opposing the special motion to strike, but by filing an amended cross-complaint that omitted the moving cross-defendants: "[I]n effect, [Johnston] voluntarily dismissed his cross-complaint against cross-defendants." (Id. at p. 555, 25 Cal.Rptr.3d 657.) The cross-defendants then filed a motion for attorney fees pursuant to section 425.16, subdivision (c). The trial court initially denied the motion, then granted a motion for reconsideration and awarded fees and costs to the cross-defendants. (Ibid.) Rejecting the cross-defendants' argument Johnston was attempting to appeal from a nonappealable order granting reconsideration, Presiding Justice Turner held, the "order awarding attorney fees under section 425.16, subdivision (c) is appealable. [Citations.] The reconsideration order preceded the attorney fee award. Unless reconsideration was granted, no attorney fee order could be entered. Hence, the appeal from an appealable determination, the attorney fee award, allows us to reach the merits of the prior ruling that reconsideration was in order. [Citations.]" (Johnston, at p. 556, 25 Cal.Rptr.3d 657.)
As in Wilkerson v. Sullivan, supra, 99 Cal.App.4th 443, 121 Cal.Rptr.2d 275 and Moraga-Orinda Fire Protection Dist. v. Weir, supra, 115 Cal.App.4th 477, 10 Cal.Rptr.3d 13, the attorney fee order in Johnston v. Corrigan, supra, 127 Cal. App.4th 553, 25 Cal.Rptr.3d 657 was appealable under section 904, subdivision (a)(2), as an order after judgment because it was entered only after the pleading directed to the moving parties had been dismissed. (Nguyen v. Calhoun (2003) 105 Cal.App.4th 428, 437, 129 Cal.Rptr.2d 436 ["`It is settled that the rule requiring dismissal [of the entire lawsuit] does not apply when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party. [Citations.]' [Citations.]"].) To the extent the language used by Presiding Justice Turner might superficially appear to authorize an appeal from an interlocutory award of attorney fees, it is, of course, "axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." (Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd. (1999) 19 Cal.4th 1182, 1195, 81 Cal.Rptr.2d 521, 969 P.2d 613; Kinsman v. Unocal Corp. (2005) 37 Cal.4th 659, 680, 36 Cal.Rptr.3d 495, 123 P.3d 931 [same].)[8]
*410 Finally, in Moore v. Shaw, supra, 116 Cal.App.4th 182, 10 Cal.Rptr.3d 154, Division Three of this Court considered on the merits an appeal from the trial court's denial of the defendant's special motion to strike under section 425.16 and the prevailing plaintiffs cross-appeal from the trial court's order, made concurrently with the order denying the motion, denying his request for attorney fees. (Id. at p. 186, 10 Cal.Rptr.3d 154.) Although the court specifically noted that the order denying a special motion to strike itself is appealable, citing both the relevant subdivision of section 425.16 and section 904.1 (Moore, at p. 186, fn. 3, 10 Cal.Rptr.3d 154), it did not address whether the order denying the request for attorney fees, which was the subject of the cross-appeal, was also appealable. Because the opinion does not suggest either that the parties raised the jurisdictional issue or that the court considered it, Moore is not authority for Doe's position that an interlocutory order denying a request for attorney fees under section 425.16, subdivision (c), is immediately appealable. (Kinsman v. Unocal Corp., supra, 37 Cal.4th at p. 680, 36 Cal.Rptr.3d 495, 123 P.3d 931; In re Marriage of Cornejo (1996) 13 Cal.4th 381, 388, 53 Cal. Rptr.2d 81, 916 P.2d 476.) No other published decision has explicitly considered, let alone held, an order awarding or denying attorney fees pursuant to section 425.16, subdivision (c), that is not appealable as a post-judgment order under section 904.1, subdivision (a)(2), or as an award of sanctions under section 904.1, subdivision (a)(12), is nonetheless immediately appealable under section 425.16, subdivision (i), and section 904.1, subdivision (a)(13).[9]
Luster proposes we grant her motion to dismiss this appeal while distinguishing Moore v. Shaw, supra, 116 Cal.App.4th 182, 10 Cal.Rptr.3d 154, and similar cases, explaining an order granting or denying attorney fees may be immediately appealable if it was made concurrently with, or "as part of," an order granting or denying the special motion to strike. That suggestion, while understandable, seems disingenuous. The special motion to strike and the motion for attorney fees present the trial court with separate, albeit related, issuesissues, which as discussed above, need not be presented to the court at the same time. (See, e.g., American Humane Assn. v. Los Angeles Times Communications, supra, 92 Cal.App.4th at p. 1103,112 Cal.Rptr.2d 488.) If the motion for fees under section 425.16, subdivision (c), is filed after the trial court rules on the special motion to strikeas it was in the case at barthe order awarding or denying *411 those fees is not an "order granting or denying a special motion to strike"; and no plausible: argument can be made that such an order is immediately appealable under section 425.16, subdivision (i). There similarly is no creditable argument that combining the two motionsone that results in an immediately appealable order; one that does notsomehow transforms the nonappealable order into one that is appealable.

DISPOSITION
Luster's motion to dismiss Doe's appeal is granted. Luster is to recover her costs on appeal.
We concur: JOHNSON and WOODS, JJ.
NOTES
[1] Statutory references are to the Code of Civil Procedure.
[2] Luster filed a timely notice of appeal from the trial court's order denying her special motion to strike. (§§ 425.16, subd. (i); 904.1, subd. (a)(13).) Luster's appeal remains pending in this court.
[3] In ruling on a defendant's special motion to strike under section 425.16, the trial court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken `in furtherance of the [defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers `the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (Equilon Enterprises v. Consumer Cause, Inc., supra, 29 Cal.4th at p. 67, 124 Cal.Rptr.2d 507, 52 P.3d 685.)
[4] The party prevailing on the special motion to strike can also seek its attorney fees as part of a cost memorandum at the conclusion of the litigation. (§ 1033.5, subd. (c)(5); American Humane Assn. v. Los Angeles Times Communications, supra, 92 Cal.App.4th at p. 1103, 112 Cal.Rptr.2d 488.)
[5] As originally introduced on March 16, 1999, Assembly Bill No. 1675 (1999-2000 Reg. Sess.), authorized an immediate appeal only from "an order denying a special motion to strike under Section 425.16." The bill was subsequently amended to include its current language, providing an order either granting or denying a special motion to strike is an immediately appealable order. (Sen. Amend, to Assem. Bill 1675 (1999-2000 Reg. Sess.) July 6, 1999.)
[6] Section 904.1, subdivision (a)(13), in turn, provides an appeal may be taken "[f]rom an order granting or denying a special motion to strike under Section 425.16."

Section 425.17, subdivision (e), provides an immediate appeal is not available if the trial court denies a special motion to strike on the ground the action or cause of action is exempt from the anti-SLAPP law pursuant to section 425.17. That section, added by the Legislature in 2003, effective January 1, 2004 (Stats.2003, ch. 338, § 1), removed from the reach of the anti-SLAPP law certain actions "brought solely in the public interest or on behalf of the general public" (§ 425.17, subd. (b)) and many claims arising from commercial speech [activities (statements or conduct made by a person primarily engaged in the business of Celling goods or services directed to an audience of actual or potential customers). (§ 425.17, subd. (c).)
Section 425.18, subdivision (c), part of urgency legislation adopted in October 2005 (Stats.2005, ch. 535, § 2), provides an immediate, interlocutory appeal is not available when the special motion to strike is directed to a "SLAPPback" lawsuit, defined as a cause of action for malicious prosecution or abuse of process arising from the filing of a prior action that was dismissed as a SLAPP lawsuit pursuant to a special motion to strike under section 425.16 (see § 425.18, subd. (b)(1)).
[7] The Court in Moraga-Orinda Fire Protection Dist. v. Weir, supra, 115 Cal.App.4th at page 480, 10 Cal.Rptr.3d 13 held "resolution of the underlying action [on the ground of lack of standing] does not moot a fee request under the SLAPP statute." (Accord, Pfeiffer Venice Properties v. Bernard (2002) 101 Cal.App.4th 211, 218, 123 Cal.Rptr.2d 647 ["a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees ... even if the matter has been dismissed prior to the hearing on that motion"]; White v. Lieberman (2002) 103 Cal. App.4th 210, 220-221, 126 Cal.Rptr.2d 608 [allowing award of attorney fees and costs pursuant to § 425.16, subd. (c), even though trial court sustained defendant's demurrer without leave to amend without ruling on the pending anti-SLAPP motion];) see generally S.B. Beach Properties v. Berti (2006) 39 Cal.4th 374, 46 Cal.Rptr.3d 380, 138 P.3d 713 [defendants who do not file an anti-SLAPP motion before plaintiffs' voluntary dismissal may not recover attorney fees and costs pursuant to § 425.16, subd. (c)].)
[8] In support of the statement an order awarding attorney fees under section 425.16, subdivision (c), is' appealable, the Johnston Court cited, in addition to Moraga-Orinda Fire Protection Dist. v. Weir, supra, 115 Cal.App.4th 477, 10 Cal.Rptr.3d 13, discussed above, Bernardo v. Planned Parenthood Federation of America (2004) 115 Cal.App.4th 322, 9 Cal. Rptr.3d 197 and Liu v. Moore (1999) 69 Cal. App.4th 745,81 Cal.Rptr.2d 807. In Bernardo the trial `.court struck the entire action under section 425.16; the fee award was a post-judgment order. (Bernardo, at pp. 338-339, 9 Cal.Rptr.3d 197.) In Liu the cross-complainants dismissed their cross-complaint prior to the hearing on the cross-defendant's section 425.16 special motion to strike. The cross-defendant appealed from the denial of her motion for attorney fees, successfully arguing a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of the motion heard as a predicate to a determination of the motion for attorney fees and costs under section 425.16, subdivision (c). (Liu, at p. 751, 81 Cal.Rptr.2d 807.) All three cited cases, like Johnston v. Corrigan, supra, 127 Cal. App.4th 553, 25 Cal.Rptr.3d 657 itself, involved the appeal of a post-judgment (or post-dismissal) order regarding attorney fees, not an interlocutory appeal like Doe's.
[9] Although not cited by Doe, in several other published cases the Court of Appeal reviewed the merits of an interlocutory attorney fee order made by the trial court under section 425.16, subdivision (c), concurrently with its order granting or denying the special motion to strike itself. (E.g., Witte v. Kaufman (2006) 141 Cal.App.4th 1201, 46 Cal.Rptr.3d 845 [plaintiff's appeal from trial court order granting defendants' special motion to strike directed to some but not all causes of action alleged in complaint and awarding successful defendants attorney fees]; Decker v. U.D. Registry, Inc., supra, 105 Cal.App.4th 1382, 129 Cal.Rptr.2d 892 [defendants' appeal from order denying special motion to strike and awarding plaintiff attorney fees]; see also Du Charme v. International Brotherhood of Electrical Workers (2003) 110 Cal.App.4th 107, 1 Cal.Rptr.3d 501 [unsuccessful moving party's appeal from denial of both special motion to strike and request for attorney fees; court affirmed denial of anti-SLAPP motion and did not address fees].) As in Moore v. Shaw, supra, 116 Cal.App.4th 182, 10 Cal.Rptr.3d 154, in none of these cases did the court address the jurisdictional issue presented by Luster's motion to dismiss.