Filed 9/16/16  Flores v. Skydive Monterey Bay CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GERARDO FLORES,<br><br>    Plaintiff, Cross-defendant and<br>Appellant,<br><br>v.<br><br>SKYDIVE MONTEREY BAY, INC., et al.,<br><br>    Defendants, Cross-complainants and<br>Respondents. | H041550, H042071<br>(Monterey County<br>Super. Ct. No. M126778) |

On August 8, 2012, appellant Gerardo Flores rented a parachute from respondent Skydive Monterey Bay Inc. (Skydive), a skydiving facility providing rental skydiving equipment and air travel to jump locations.  Flores wore the parachute during a skydive. While he was descending in the air, the parachute prematurely deployed, rendering him unconscious during his descent.  Flores suffered serious injuries upon landing. Subsequently, Flores filed a complaint against Skydive alleging multiple causes of action including intentional tort, negligence, gross negligence, product liability, res ipsa loquitur, premises liability, and negligent undertaking.  Skydive filed a cross-complaint for declaratory relief, equitable indemnity, apportionment of fault, and breach of contract, alleging that Flores's lawsuit violated a covenant not to sue that Flores had signed with

Skydive. Flores moved to strike Skydive's cross-complaint under the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16).[1]

On September 4, 2014, the trial court denied Flores's motion to strike and granted Skydive entitlement to attorney fees incurred by responding to the anti-SLAPP motion. Flores appealed this order in appeal No. H041550. While the appeal was pending, the trial court held a hearing on the attorney fees issue on December 19, 2014, and ordered Flores to pay Skydive attorney fees of $27,985. On January 5, 2015, the trial court vacated its September 4, 2014 order denying Flores's motion to strike and issued a new order (again) denying the motion to strike and finding that attorney fees were properly granted to Skydive because Flores's anti-SLAPP motion was frivolous. Flores appealed both of these orders (the order granting attorney fees and the order purporting to vacate the September 4, 2014 order) in case No. H042071.[2]

For the reasons set forth below, we reverse the trial court's September 4, 2014 order denying the anti-SLAPP order, strike the part of the January 5, 2015 order that vacated the September 4, 2014 order denying the anti-SLAPP motion, and reverse the December 19, 2014 order awarding Skydive with attorney fees.

## BACKGROUND

*Flores's Complaint*

On March 10, 2014, Flores filed a first amended complaint against Skydive alleging seven causes of action for intentional tort, negligence, gross negligence, product liability, res ipsa loquitur, premises liability, and negligent undertaking.

The factual allegations in Flores's complaint were as follows: On August 8, 2012, Flores rented a parachute from Skydive. Prior to Flores's rental, Skydive had

---

[1] Unspecified statutory references are to the Code of Civil Procedure.
[2] On July 13, 2015, we ordered that these two appeals (H042071 & H041550) be considered together for the purposes of oral argument and disposition.

2

intentionally altered and modified the parachute. Suspension lines that were attached between the riser and the main parachute were broken and dangling, the parachute container and shoulder/back harness showed signs of wear and tear beyond serviceable limits, at least two suspension lines were broken and had been tied (knotted) back together, and a Velcro strap was beyond serviceable limits. These alterations and modifications prevented the parachute's left-side slider from deploying into its proper position.

Flores wore the parachute during a jump from an altitude of 18,000 feet and descended for about 16 seconds. Flores executed a barrel roll maneuver during the skydive, and the parachute prematurely deployed. Because of the knotted suspension lines, Flores entered into a spin. He lost consciousness, landing face down on the ground at Marina Municipal Airport. Skydive personnel did not discover that Flores was unconscious until more than one minute and 29 seconds after he landed. In fact, a Skydive employee erroneously stated that she saw Flores land and that he was conscious at the time. Flores suffered from serious head trauma, a lacerated tongue, broken ribs, and other physical injuries. He was airlifted for medical treatment.

*Skydive's Cross-complaint*

On April 16, 2014, Skydive filed a cross-complaint against Flores alleging causes of action for indemnification, apportionment of fault, declaratory relief, and breach of contract. Skydive alleged that Flores had breached a contract he had signed that contained a covenant not to sue. Skydive attached signed copies of a "Tandem Parachute Jumper Agreement" (Tandem Agreement) and a "Release of Liability & Assumption of Risk Agreement" (First Release Agreement), both dated September 7, 2009. Also attached was a signed copy of a "Release of Liability & Assumption of Risk Agreement" signed October 26, 2011 (Second Release Agreement).

The Tandem Agreement contained a covenant not to sue stating that Flores agreed "never to institute any suit or action at law or otherwise against any of the organizations

3

and/or persons described [in the agreement], or to initiate or assist in the prosecution of any claim for damages or cause of action which I may have by reason of injury to my person or property, or my death, arising from the activities covered by this Agreement, whether caused by the negligence and/or fault, either active or passive, of any of the organizations and/or persons described [in the agreement], or from any other cause. I further expressly agree that I will never raise any claim against any of the organizations and/or persons described in [the agreement] for product liability, failure to warn, negligence, breach of warranty, breach of contract, or strict liability, regardless of whether my claims for damages or injuries are alleged to result from the fault or negligence of the parties released."

The First Release Agreement also contained a covenant not to sue stating that Flores agreed "not [to] sue or make any claim of any nature whatsoever against 'Skydive Monterey Bay Inc.' for personal injuries or other damages or losses sustained by me as a result of my 'parachuting activities' even if such injuries or other damages or losses sustained by me as a result of my 'parachuting activities' are caused by the negligence, in any degree, or other fault of 'Skydive Monterey Bay Inc.' " The Second Release Agreement contained an identical covenant not to sue.

*Flores's Anti-SLAPP Motion*

On May 30, 2014, Flores filed a motion to strike Skydive's cross-complaint under the anti-SLAPP statute (§ 425.16). Flores argued that the cross-complaint arose from Flores's exercise of protected petitioning activity (the filing of the lawsuit) and Skydive could not demonstrate a probability of prevailing on the merits of its cross-complaint.

*Skydive's Response*

On July 3, 2014, Skydive filed a response to Flores's anti-SLAPP motion. Skydive argued that Flores's anti-SLAPP motion should be denied, because its cross-complaint did not arise from protected activity, and even if it did, Skydive had demonstrated a probability of prevailing on its cross-complaint. Skydive also requested

4

reasonable attorney fees for responding to the anti-SLAPP motion (§ 425.16, subd. (c)), if the court should determine that the anti-SLAPP motion was frivolous or solely brought to cause unnecessary delay. Attached to Skydive's opposition were the various agreements signed by Flores and an affidavit by Raymond Ferrell, an expert in parachuting matters, who opined that Flores's actions contributed to his accident.

*The Various Orders*

On September 4, 2014, the trial court denied Flores's special motion to strike Skydive's cross-complaint and granted Skydive's request for attorney fees and costs associated with responding to Flores's motion. The court's order held that the cross-complaint did not arise from protected petitioning activity, and regardless, Skydive had demonstrated a probability of prevailing on the merits of its cross-complaint. The order did not specify the amount of attorney fees to be awarded to Skydive. Section 425.16, subdivision (i) provides that an order granting or denying a motion to strike brought under section 425.16 is an appealable order under section 904.1. Accordingly, Flores timely appealed the denial of his motion to strike, which is the subject of the appeal in case No. H041550.

Subsequent to the September 4, 2014 order, Skydive filed a motion requesting the trial court enter an order for attorney fees. Flores opposed the motion, arguing that the trial court was divested of its jurisdiction in the matter since an appeal was pending over the order denying the special motion to strike, and the trial court's initial award of attorney fees was erroneous because it did not make a finding that Flores's anti-SLAPP motion was frivolous or brought in bad faith. The court held a hearing on the matter on December 19, 2014, and Flores reiterated his position that the trial court lacked jurisdiction to consider the matter.

After considering the arguments presented during the hearing, the trial court orally granted Skydive's request for $27,985 in attorney fees and costs, which it found to be a

5

reasonable amount for responding to Flores's anti-SLAPP motion. The trial court entered a minute order on December 19, 2014, granting Skydive attorney fees in that amount.

On January 5, 2015, the trial court filed an order vacating its September 4, 2014 order. The January 5, 2015 order again denied Flores's motion to strike and again awarded Skydive entitlement to attorney fees. Flores appealed this order and the December 19, 2014 order granting attorney fees, which are the subject of the appeal in case No. H042071.

DISCUSSION[3]

1. *Appealability and Mootness*

Before we address the merits of Flores's arguments regarding the denial of his anti-SLAPP motion and the grant of attorney fees to Skydive, we must address the threshold issue of appealability. "[S]ince the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Here, we have several trial court orders that purport (1) to deny Flores's anti-SLAPP motion and (2) to grant Skydive reasonable attorney fees incurred from responding to the motion.

---

[3] Flores notes in his reply brief that Skydive's briefs do not conform with California Rules of Court, rule 8.204(a)(1)(C), which states that parties must support *any* reference to a matter in the record by citations to the volume and page number of the record where the matter appears. After reviewing Skydive's briefs, we agree with Flores's assessment that Skydive failed to provide record citations to many of the facts referenced in its briefs. Despite these shortcomings, we will consider Skydive's arguments. It has provided us with sufficient legal arguments and briefing on the issues raised by Flores. However, we caution Skydive that its future filings with this court should abide by the California Rules of Court. This court has the discretion to disregard contentions that are not adequately supported by citations to the record. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.) Flores also notes that Skydive erroneously cites to matters outside of the appellate record, which are outside our review. We disregard any factual statements alleged in Skydive's briefs that are not contained in the appellate record. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.)

6

a. **The September 4, 2014 Order**

On September 4, 2014, the trial court denied Flores's motion to strike and granted Skydive reasonable attorney fees associated with responding to the motion.

Preliminarily, it is apparent that the part of the order filed on September 4, 2014, that denied Flores's motion to strike is appealable. Section 425.16, subdivision (i) specifically provides that an order granting or denying a motion to strike brought under section 425.16 is an appealable order under section 904.1.

Whether the second part of the September 4, 2014 order—granting Skydive's request for attorney fees—is also appealable is less clear. In *PR Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1050, the appellate court held that a judgment determining entitlement to attorney fees but not the amount is interlocutory and nonappealable as to that issue. (*Id*. at p. 1054.) *PR Burke* found that its conclusion was "consistent with the policy against piecemeal appeals." (*Ibid*.) A litigant could otherwise file two appeals—one from an order granting it entitlement to fees, and another from a separate order that specifies the amount of fees.

*PR Burke*, however, did not arise from an award of attorney fees following a grant or denial of an anti-SLAPP motion, which is, by statute (§ 425.16, subd. (i)), appealable. In *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265 (*Baharian-Mehr*), the appellate court considered the appealability of an order finding that the defendant's anti-SLAPP motion was frivolous and awarding the plaintiff $1,500 in attorney fees. (*Id*. at p. 273.) The plaintiff, Smith, had appealed from the trial court's order which had denied his anti-SLAPP motion and awarded attorney fees. The defendant, Baharian-Mehr, argued that the appellate court should not review the attorney fee award except upon review from a final judgment.

*Baharian-Mehr* noted that the Second Appellate District in *Doe v. Luster* (2006) 145 Cal.App.4th 139 (*Doe*) opined, in dicta, that appellate cases that had reviewed both the grant or denial of attorney fee awards and the grant or denial of an anti-SLAPP

7

motion should not have done so. (*Id.* at p. 150.) *Baharian-Mehr* disagreed with the dicta set forth in *Doe,* noting that "[i]n cases where, as here, the issue of whether the anti-SLAPP motion should have been granted is properly before the appellate court, it would be absurd to defer the issue of attorney fees until a future date, resulting in the probable waste of judicial resources." (*Baharian-Mehr*, *supra*, 189 Cal.App.4th at p. 275.) Therefore, *Baharian-Mehr* held that "[w]hen the first issue [the grant or denial of the anti-SLAPP motion] is properly raised, appellate jurisdiction over both issues [the propriety of the grant or denial of the anti-SLAPP motion and the award of attorney fees] under section 425.16, subdivision (i) is proper."[4] (*Ibid.*)

We agree with the appellate court's conclusion in *Baharian-Mehr*, but *Baharian-Mehr*'s conclusion is not dispositive of the issue raised here. Unlike the trial court in *Baharian-Mehr*, the trial court here did not specify the amount of attorney fees to be awarded to Skydive. Accordingly, the part of the September 4, 2014 order granting attorney fees is akin to the interlocutory order contemplated in *PR Burke*. Finding that this part of the order is appealable would create piecemeal appeals. In appealing the September 4, 2014 order, Flores could dispute Skydive's entitlement to fees. Flores could not, however, raise any arguments pertaining to the reasonableness of the fee award, because the fee had not yet been fixed.

Accordingly, the part of the September 4, 2014 order entitling Skydive to attorney fees was interlocutory and therefore nonappealable.

b. **December 19, 2014 Order**

Next, we turn to whether the December 19, 2014 order granting attorney fees was appealable. Flores's notice of appeal in case No. H042071 specified that he was

---

[4] Although *Baharian-Mehr* disagreed with the dicta in *Doe*, it agreed with *Doe*'s holding that an interlocutory denial of an award of attorney fees following a denial of an anti-SLAPP is not separately appealable. (*Baharian-Mehr*, *supra*, 189 Cal.App.4th at p. 274; *Doe*, *supra*, 145 Cal.App.4th at p. 150.)

8

appealing from "[a]n order granting a motion awarding attorneys' fees and costs from a hearing on December 19, 2014."

On December 19, 2014, the trial court orally granted Skydive attorney fees in the amount of $27,985. During the hearing, Skydive's counsel stated that it had prepared an order, and the trial court stated that it would "take a look at [the proposed order] and sign it."

However, the record on appeal does not contain a written order granting Skydive attorney fees and specifying the amount of fees they should receive. There is, however, a minute order dated December 19, 2014, which reflects the trial court's oral order of attorney fees. The minute order did not direct counsel to prepare a separate written order regarding attorney fees. " '[A]n unsigned minute order can form the basis of an appeal, unless it specifically recites that a formal order is to be prepared. . . .' " (*Cuenllas v. VRL International, Ltd.* (2001) 92 Cal.App.4th 1050, 1053.) Based on the foregoing, we conclude that the December 19, 2014 minute order *can* form the basis of an appeal.[5]

The question is whether the minute order was an appealable order. We find that it is under section 904.1, subdivision (a)(12). *Doe*, *supra*, 145 Cal.App.4th at page 150, held that an interlocutory grant or denial of attorney fees following a denial of an anti-SLAPP motion is not a separately appealable order. *Doe*, however, noted that some interlocutory anti-SLAPP attorney fees awards may be immediately appealable under section 904.1, subdivision (a)(12) (immediate appeal may be taken from order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds $5,000). (*Doe*, *supra*, at p. 146.) Here, the attorney fees awarded to Skydive as a sanction against Flores's filing of a frivolous anti-SLAPP motion exceeded $5,000.

---

[5] Section 1003 defines an "order" as "[e]very direction of a court or judge, made or entered in writing, and not included in a judgment." There is no requirement that an order be signed.

9

Therefore, the unsigned minute order granting Skydive's request for attorney fees in the amount of $27,985 was an appealable order under section 904.1, subdivision (a)(12).

c. **January 5, 2015 Order**

Next, we must consider the appealability—and validity—of the trial court's January 5, 2015 order, which vacated its September 4, 2014 order and made additional findings regarding attorney fees and the merits of Flores's anti-SLAPP motion. Flores argues that the trial court's January 5, 2015 order is void, because the trial court lacked fundamental jurisdiction to alter its September 4, 2014 order once an appeal over that order had been perfected. Skydive maintains that the September 4, 2014 order was nonfinal, and the court retained jurisdiction to amend or alter its nonfinal judgment. We find that Flores is mostly correct.

Except in certain situations not relevant to this case, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (§ 916, subd. (a).)

"The fact that the postjudgment or postorder proceeding may render the appeal moot is not, by itself, enough to establish that the proceeding affects the effectiveness of the appeal and should be stayed under section 916. Rather, something more is needed. For example, the trial court proceeding must directly or indirectly seek to 'enforce, vacate or modify [the] appealed judgment or order.' " (*Varian Medical Systems*, *Inc*. *v*. *Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).)

Applying these principles, we conclude that the portion of the January 5, 2015 order that purports to vacate and modify the September 4, 2014's order denying Flores's special motion to strike is void. (*Varian*, *supra*, 35 Cal.4th at p. 196 ["any judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face . . . .' "].) Flores had already perfected an appeal from the September 4, 2014 order denying his

10

anti-SLAPP motion, which was immediately appealable. The perfecting of the appeal divested the trial court of the subject matter jurisdiction over matters related to the propriety of the anti-SLAPP motion. (*Ibid*.) Therefore, the trial court did not have jurisdiction to vacate or modify its prior order. We must therefore strike that part of the trial court's order modifying the denial of Flores's anti-SLAPP motion.

The portion of the January 5, 2015 order modifying the grant of attorney fees requires a different analysis. As we explained above, the September 4, 2014 order granting entitlement to attorney fees was interlocutory and not final (and therefore not appealable). The trial court retains the authority to modify or change interim orders prior to entry of judgment. (*Darling*, *Hall & Rae v*. *Kritt* (1999) 75 Cal.App.4th 1148, 1157.) Additionally, Skydive's entitlement to attorney fees was not appealable and therefore the issue of attorney fees was not stayed pending resolution of the appeal over the denial of the anti-SLAPP motion. Accordingly, the trial court's order vacating its previous interim order regarding attorney fees was not improper, since it continued to have jurisdiction over the matter.

Nonetheless, the January 5, 2015 order regarding attorney fees was also interlocutory like the September 4, 2014 order regarding attorney fees and must be dismissed as nonappealable. The order merely reiterated that Skydive was entitled to fees; it did not specify the amount. We may review the propriety of the fees, however, when we review the December 19, 2014 order granting attorney fees and specifying the amount to be awarded to Skydive.

d. **Skydive's Motion to Dismiss**

Lastly, we must consider Skydive's motion to dismiss Flores's appeal over the September 4, 2014 order (appeal No. H041550). Skydive's motion is premised on its argument that the September 4, 2014 order was properly vacated by the trial court's January 5, 2015 order. Since we find that the September 4, 2014 order denying Flores's anti-SLAPP motion was immediately appealable and was properly appealed by Flores,

11

and the January 5, 2015 order vacating that portion of the September 4, 2014 order void, we deny Skydive's motion to dismiss the appeal taken from the September 4, 2014 order.

2.  *Denial of Flores's Anti-SLAPP Motion*

a.  **Overview of the Anti-SLAPP Statute and Standard of Review**

The anti-SLAPP statute provides a "procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056.) Consequently, "the anti-SLAPP statute is to be construed broadly." (*Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495, 508.)

In evaluating an anti-SLAPP motion, the trial court must engage in a two-step process. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon*).) It first determines "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) A defendant meets this burden by demonstrating the plaintiff's action is premised on statements or conduct taken " 'in furtherance of the [defendant]'s right of petition or free speech under the United States [Constitution] or [the] California Constitution in connection with a public issue,' as defined in the [anti-SLAPP] statute. (§ 425.16, subd. (b)(1).)" (*Equilon, supra*, at p. 67.) If the defendant makes the requisite showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (*Ibid.*) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier, supra*, at p. 89.)

We review the trial court's ruling on an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.) In so doing, we consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) We do not make credibility determinations or compare the weight of the evidence presented below. Instead, we accept the opposing party's

12

evidence as true and evaluate the moving party's evidence only to determine if it has defeated the opposing party's evidence as a matter of law. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.) The court "should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

b. **First Prong:  Protected Activity**

First, we note that Flores's anti-SLAPP motion did not distinguish between each cause of action alleged in Skydive's cross-complaint. In other words, Flores did not separately address each of Skydive's causes of action and articulate how each cause of action was based on protected speech or conduct. Rather, Flores broadly asserted that the entire cross-complaint should be stricken because it arose from protected petitioning activity—that is, Flores's filing of a lawsuit.

However, by claiming that *all* of Skydive's causes of action must be stricken under the anti-SLAPP statute, Flores bears the burden of showing that *each* of Skydive's causes of action arise from petitioning activity. We therefore address Skydive's causes of action separately. As we explain below, Flores did not meet his burden on all of the causes of action alleged in Skydive's cross-complaint.

i.      *Breach of Contract is Protected Petitioning Activity*

First, we agree with Flores's assessment that his filing of the complaint against Skydive was an act undertaken in furtherance of his constitutional right to petition. Section 425.16, subdivision (e)(1) provides in pertinent part that protected activity includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." The complaint filed by Flores is a written statement made before a judicial proceeding. It is therefore protected petitioning activity under the anti-SLAPP statute.

13

ii.     *Whether the Cross-complaint "Arose" from Protected Activity*

Next we determine whether Flores met his initial burden to demonstrate that *each* of the challenged causes of action "is one arising from protected activity." (*Navellier*, *supra*, 29 Cal.4th at p. 88.) "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.] Moreover, that a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such. [Citation.] In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Id.* at p. 89.)

Below and on appeal, Flores did not separately address each of the four causes of action in Skydive's cross-complaint. Before the trial court, he broadly argued that the *entire* cross-complaint arose from his alleged breach of contract and his filing of a lawsuit. On appeal, his opening brief asserted that "[c]onduct alleged to constitute a breach of contract may come within the statutory protections for protected speech or petitioning for purposes of" the anti-SLAPP statute. Flores also opined that the only "alleged breach" in the complaint was the breach of contract that occurred when Flores filed his lawsuit against Skydive. His opening brief then quoted from a portion of Skydive's cause of action for breach of contract. Flores then, in a conclusory fashion, asserted that all *four* causes of action in the cross-complaint arose from protected activity. His opening brief did not reference the allegations that constitute the causes of action for declaratory relief, indemnity, or equitable apportionment.

Based on his conclusory arguments to the trial court and on appeal, we find that Flores fails to meet his initial burden to show that the causes of action for declaratory relief, indemnity, and equitable apportionment alleged in Skydive's cross-complaint all arose from protected petitioning activity. Flores demonstrated that his filing of a lawsuit was protected petitioning activity under section 425.16, subdivision (e)(1). He does not,

14

however, explain, argue, or provide citations to support his claim that these three causes of action all *arose* from that protected petitioning activity. In sum, Flores fails to apply the facts to the relevant law. It was his burden on appeal to demonstrate the trial court erred when it found that the cross-complaint did not arise from protected petitioning activity and that burden is not satisfied by a generalized argument that "the gravamen of the [entire] cross-complaint is the fact that Gerardo Flores filed a lawsuit, nothing else."[6]

For example, the causes of action for equitable apportionment and indemnity are based (at least in part) on Skydive's allegation that Flores *himself* was at fault for the accident based on his conduct during the skydive. Flores also does not directly address the cause of action for declaratory relief and whether it arose from valid contract dispute between the parties (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301 [cause of action for declaratory relief seeking determination that city employee's participation in meetings and protests against the city violated terms of a settlement agreement *did not* arise from protected petitioning activity]) or if it arose from protected petitioning activity (*Equilon*, *supra*, 29 Cal.4th 53 [cause of action for declaratory relief that notice to sue failed to comply with the California Code of Regulations arose from protected petitioning activity]).

Flores's failure to develop these arguments on appeal or raise them below to the trial court compels us to find that these issues are waived.[7] (*Badie v. Bank of America*

---

[6] In the September 4, 2014 order the trial court expressly stated that Flores failed to show that the challenged activity arose from protected activity within the meaning of the anti-SLAPP statute. We note that in the January 5, 2015 order, the trial court issued a new order finding that the cross-complaint *did* arise from protected activity. However, as in the previous section of this opinion we have stricken that part of the trial court's order. (See *ante*.)

[7] We do not express an opinion as to whether the gravamen of these causes of action arises from protected activity. We also note that during oral argument, Flores cited to the California Supreme Court's recent decision in *Baral v. Schnitt* (Aug. 1, 2016, S225090) __ Cal.4th __ [2016 WL 4074081]. *Baral* is not inconsistent with our (continued)

15

(1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."]; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; *Baugh v. Garl* (2006) 137 Cal.App.4th 737, 746 ["Points not raised in the trial court may not be raised for the first time on appeal."].)

In his briefs, Flores argues that these three causes of action should be stricken, because they are merely affirmative defenses to his complaint. In essence, Flores claims that Skydive failed to state valid causes of action. However, Flores filed an *anti-SLAPP motion* under section 425.16. The *first step* taken when evaluating his special motion to strike is to determine whether *each* challenged cause of action arises from protected petitioning activity. We do not reach the second prong of the anti-SLAPP statute (the probability of prevailing on the merits)—which would take into account the viability of each cause of action—unless the first prong is met. We therefore decline to address Flores's arguments on these points.[8]

We do, however, find that Flores sufficiently addressed Skydive's cause of action for breach of contract, which Flores claims was based on his filing of a lawsuit against Skydive. As we previously discussed, we agree with Flores that the filing of a complaint is an act undertaken in furtherance of the constitutional right to petition. (*Navellier*, *supra*, 29 Cal.4th at p. 90; § 425.16, subd. (e)(1).) And as Flores argues, Skydive's cross-complaint alleged that he breached his contract by violating the covenant not to sue—that is, by filing the lawsuit. Based on the foregoing, we find that Flores met its

conclusion. The *Baral* court noted that "[a]t the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." (*Id.* at p. *13.) As we have indicated, we do not believe Flores met his initial burden here.

[8] We express no opinion on the merits of these other causes of action.

16

initial burden to show that the cause of action for breach of contract arose from protected petitioning activity.

Skydive does not directly address the first prong of the anti-SLAPP statute in its briefs on appeal. It does, however, argue that Flores waived the right to any protections afforded by the anti-SLAPP statute based on his decision to agree to the various covenants not to sue in the Tandem Agreement, First Release Agreement, and Second Release Agreement.

Skydive's argument is premised on a mistaken interpretation of *DaimlerChrysler Motors Co. v. Lew Williams, Inc.* (2006) 142 Cal.App.4th 344 (*Daimler*). In *Daimler*, a car dealer protested a manufacturer's notice of its intent to establish a new car dealership in violation of an agreement not to protest. (*Id*. at p. 347.) The manufacturer filed a cross-complaint against the dealership alleging multiple causes of action including breach of contract for violating the agreement not to protest. (*Id*. at p. 349.) The car dealership filed an anti-SLAPP motion, which was denied. The appellate court affirmed. (*Id*. at p. 347.)

In regard to the first prong of the anti-SLAPP statute, the appellate court determined that it was undisputed that the car dealership's protests were written statements made before an executive proceeding that were made in connection with an issue under review by an executive body. (*Daimler*, *supra*, 142 Cal.App.4th at p. 351.) It was therefore protected petitioning activity under section 425.16. The manufacturer, like Skydive, attempted to argue that the protests were not protected petitioning activity because the dealership had waived its right to protest. (*Daimler*, *supra*, at p. 351.)

The *Daimler* court rejected the manufacturer's argument, which had relied on *Navellier*. In *Navellier*, the Supreme Court recognized that a plaintiff's breach of contract claim based on the defendant's act of filing counterclaims in violation of a release fell within the purview of the "arising from" prong of the anti-SLAPP statute. (*Navellier*, *supra*, 29 Cal.4th at p. 90.) *Navellier*, however, noted that "as the

17

[anti-SLAPP] statute is designed and as we have construed it, a defendant who in fact has validly contracted not to speak or petition has in effect 'waived' the right to the anti-SLAPP statute's protection in the event he or she later breaches that contract." (*Id.* at p. 94.) In essence, *Navellier* held that "[t]he Legislature's inclusion of a merits prong to the statutory SLAPP definition (§ 425.16, subd. (b)(1)) . . . preserves appropriate remedies for breaches of contracts involving speech by ensuring that claims with the requisite minimal merit may proceed." (*Ibid.*) Whether the party has "validly waived" the right to petition is a question properly reserved for the *second* (not the first) prong of the anti-SLAPP analysis. (*Ibid.*; *Daimler*, *supra*, 142 Cal.App.4th at p. 351.)

Accordingly, the *Daimler* court went on to analyze whether the manufacturer had satisfied its burden to show that there was a probability of success on the merits of its cross-complaint. (*Daimler*, *supra*, 142 Cal.App.4th at p. 352.) *Daimler* analyzed the merits of the cross-complaint and concluded that the manufacturer had met its burden. It therefore affirmed the judgment of the trial court denying the car dealership's anti-SLAPP motion. (*Id.* at p. 355.)

Applying the principles set forth in *Navellier* and *Daimler* to this case, we find that the covenant not to sue did not render Skydive's cause of action for breach of contract automatically outside the purview of the anti-SLAPP statute. Rather, whether Flores "waived" his right to the protections of the anti-SLAPP statute depends on whether Skydive can meet its burden on the second prong of the anti-SLAPP statute and demonstrate that its breach of contract claim has minimal merit.

c. **Second Prong: Probability of Prevailing on the Merits**

Finding that Flores met his initial burden to show that Skydive's cause of action for breach of contract arose from protected activity, the burden now shifts to Skydive to demonstrate that it has a probability of prevailing on the merits.

"[T]he elements of a cause of action for breach of contract are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's

18

breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty*, *LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) "Damages are, of course, a necessary element of the breach of contract cause of action." (*Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 775 (*Navellier II*).)

Flores argues that Skydive cannot prevail on its cause of action for breach of contract, because it failed to provide evidence of damages resulting from the breach. We agree that once Flores met his initial burden to establish that the breach of contract claim arose from protected petitioning activity, the burden shifted to Skydive to " 'establish *evidentiary* support for [its] claim.' " (*Navellier II*, *supra*, 106 Cal.App.4th at p. 775.)

We find *Navellier II* to be analogous to the present case. In *Navellier II*, the Second Appellate District ultimately found that the plaintiffs failed to demonstrate a probability of prevailing on their breach of contract claim after the defendants breached an agreement and filed counterclaims against them in federal court. (*Navellier II*, *supra*, 106 Cal.App.4th at pp. 775-776.) In part, the plaintiffs had alleged that the attorney fees and costs they had incurred while litigating the defendants' federal counterclaims resulted from the breach of their agreement. (*Id*. at p. 775.) The *Navellier II* court rejected the plaintiffs' claim that this was sufficient evidence of damages, noting that "plaintiffs have presented nothing as to their damages on the breach of contract cause of action beyond the bare allegations of their unverified complaint—an insufficient showing to survive the motion to strike that cause of action." (*Id*. at p. 776.) The plaintiffs did not present any affidavit or evidence stating facts with respect to their alleged damages. (*Ibid*.)

Like the *Navellier* plaintiffs, Skydive alleged in its unverified cross-complaint[9] that it was damaged by the breach of contract, because it incurred and will continue to incur damages including the cost of defending against Flores's lawsuit and the amount of

---

[9] Skydive's attorney signed its complaint, but there was no verification in the complaint as described in section 446.

19

any resulting judgment that may be entered as a result of the lawsuit. Skydive's cross-complaint further alleged that reasonable attorney fees incurred to represent its interests was another item of damages.

Also like the *Navellier* plaintiffs, Skydive has not submitted any *evidence* of damages resulting from the alleged breach aside from the unverified allegations in its cross-complaint. In its respondent's brief, Skydive asserts that Flores's claim that Skydive "[has] not incurred any damage as a result of [Flores's] breach of contract is incredulous!" While we agree with Skydive that, logically speaking, damages arising from the cost of defending against Flores's lawsuit are likely to exist, Skydive did not submit any affidavits or declarations to support the allegations of damages in the cross-complaint. Skydive cannot simply rely on the bare allegations in its unverified cross-complaint. It must offer *evidentiary support* for its claim, which it has failed to do. (*Navellier II*, *supra*, 106 Cal.App.4th at p. 775.) Like in *Navellier II*, the lack of evidence of damages is dispositive of the issue. For this reason, Skydive did not meet its burden on the second prong of the anti-SLAPP statute.[10]

Accordingly, the order denying Flores's anti-SLAPP motion must be reversed as to the breach of contract cause of action.

3. *Attorney Fees*

a. **Attorney Fees to Skydive**

The trial court, after denying Flores's anti-SLAPP motion, granted Skydive's request for attorney fees under section 425.16, subdivision (c)(1), which mandates reasonable attorney fees be awarded to a prevailing plaintiff if the court finds that the special motion to strike is frivolous or solely intended to cause unnecessary delay.

_____

[10] We therefore do not need to reach the issues of whether the covenant not to sue is enforceable under Civil Code section 1668 and whether the litigation privilege (Civ. Code, § 47) applies.

(§ 425.16, subd. (c)(1); *Moore v. Shaw* (2004) 116 Cal.App.4th 182, 198-199.) On appeal, Flores argues that we should reverse the court's order on attorney fees.

We agree with Flores's contention on this point. Here, we have found that Flores's motion has some merit. His anti-SLAPP motion therefore cannot be said to be frivolous. The order granting Skydive attorney fees must therefore be reversed.

b. **Attorney Fees to Flores**

Section 425.16, subdivision (c)(1) also provides that "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." (Italics added.) "Under this provision, 'any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 338.) "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." (*Id.* at p. 340.)

Flores has prevailed on part of his anti-SLAPP motion, and these results were not insignificant. He is therefore entitled to mandatory attorney fees under section 425.16, subdivision (c). The matter must therefore be remanded to the trial court for a determination of the amount of fees to be awarded.

### DISPOSITION

The September 4, 2014 order denying Flores's anti-SLAPP motion is reversed. The trial court is directed to enter a new order granting Flores's anti-SLAPP motion as to Skydive Monterey Bay, Inc.'s cause of action for breach of contract and denying the anti-SLAPP motion as to Skydive Monterey Bay, Inc.'s remaining causes of actions.

The portion of the January 5, 2015 order vacating the September 4, 2014 order and denying the anti-SLAPP motion is stricken and the appeal from the remainder of the January 5, 2015 order is dismissed.

21

The December 19, 2014 order awarding Skydive Monterey Bay, Inc. with attorney fees is reversed.  The matter is remanded to the trial court to determine the amount of attorney fees Flores is entitled to as the prevailing party on the anti-SLAPP motion under Code of Civil Procedure section 425.16, subdivision (c).

The parties are to bear their own costs on appeal in case No. H041550.

Flores is entitled to his costs on appeal in case No. H042071.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Grover, J.